BLACK, Judge,
concurring.
I concur in the majority’s affirmance of Mr. Lindsey’s life sentence without parole. However, I disagree with the majority’s two arguments that the trial court misunderstood and misapplied Miller.
The majority opinion first states that the trial court misunderstood Miller as requiring Mr. Lindsey to affirmatively establish his youthful immaturity or impetuosity. On the contrary, the trial court order states, “Accordingly, the court is not convinced that any immature behavior or im-pulsivity that may have been generally present in the Defendant as a 16-year-old accounted for his actions or lessened his culpability.” (Emphasis added.) As required by Miller, the court acknowledged a level of immaturity and impulsivity in Mr. Lindsey because Mr. Lindsey was sixteen years old when he committed the murder. However, the trial court concluded, quite correctly in my view, that this crime involved “thought, experience, and planning.” That is, Mr. Lindsey’s actions should not be diminished or dismissed as a product of youthful impetuousness.
Further, the trial court noted that because Mr. Lindsey had been stealing cars since he was eleven years old,
[w]hen he set out on February 21, 2011 to steal a car, [Mr. Lindsey] was acting with experience and knowledge about auto burglary and theft. He was able to gain access to the Neon; he obtained broken pieces from a brick in order to accomplish this, and used a screwdriver in an attempt to turn the ignition. In addition to these tools, [Mr. Lindsey] was now armed with a gun he had recently purchased on the street for $140. [Mr. Lindsey’s] choice to arm himself while he went out to steal a car is telling. That he carried a loaded gun with him to undertake a property crime indicates that [Mr. Lindsey] was prepared to use this weapon against anyone who stood to prevent his crime or escape.... [T]his was the only plausible explanation for [Mr. Lindsey] to carry a loaded weapon to commit a property crime in an area outside of Citrus Grove. It also reflects [Mr. Lindsey’s] ability to plan and carry out acts in furtherance of his criminal intentions and thus counters any suggestion that his choices that night were thoughtless or rash.
These findings satisfy the dictates of Miller.
Secondly, the majority criticizes the trial court’s comments as to whether Mr. Lindsey is capable of being rehabilitated. The court did note that any determination that Mr. Lindsey is likely to be rehabilitated would be speculative. But that comment was largely based on the opinion of Mr. Lindsey’s expert, Dr. Carpenter. The trial court also stated that, “After considering all of this information, the court has significant doubts about [Mr. Lindsey’s] potential for rehabilitation.” The court noted that Mr. Lindsey had regularly been involved in ongoing and escalating criminal *273 acts since the age of eleven, culminating in the illegal purchase of the gun which he used to commit murder while attempting to steal a car. The court noted that Mr. Lindsey has been involved in more violent activity while in prison, concluding that “there is no indication that this type of violent behavior will stop.” In a variety of ways, the trial court expressed significant misgivings that Mr. Lindsey’s behavior would ever change.
Because of the perceived deficiencies in the trial court’s order, the majority states that had sections 775.082(1) and 775.0823(1) been the only bases for Mr. Lindsey’s sentence, it would reverse and remand for another sentencing hearing. I disagree and would have affirmed on those bases.